ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| IN RE:<br><br>EDWIN VALENTÍN VÁZQUEZ<br>NÚMERO DE LICENCIA 7943<br><br>RECURRENTE | KLRA202400407 | *Revisión Administrativa* procedente de la Junta Examinadora de Peritos Electricistas de Puerto Rico.<br><br>Sobre: Suspensión de licencia por incumplimiento con el Artículo 16, inciso (H) de la Ley 115-1976, según enmendada |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Ortiz Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de septiembre de 2024.

Mediante recurso de *Revisión Administrativa* comparece ante nosotros el señor Edwin Valentín Vázquez (Sr. Valentín Vázquez; recurrente); nos solicita la revisión de una *Resolución* de la Junta Examinadora de Peritos Electricistas de Puerto Rico (Junta Examinadora) de 24 de mayo de 2024, notificada el 28 de mayo de 2024, que suspendió sumariamente la licencia de perito electricista del recurrente por el incumplimiento con lo dispuesto en el Artículo 16, inciso (h) de la Ley Núm. 115 del 2 de junio de 1976, *infra*.

Adelantamos que, por los fundamentos que exponemos a continuación, confirmamos el dictamen recurrido.

**I**

La Junta Examinadora emitió una *Resolución* el 24 de mayo de 2024, notificada el 28 de mayo de 2024, mediante la cual concluyó que el Sr. Valentín Vázquez incumplió con la totalidad de horas requeridas de educación continua para el periodo que culminaba el 31 de diciembre de 2023, por lo que violentó lo dispuesto en el Artículo 16, inciso (h) de la Ley Núm. 115 del 2 de junio de 1976, *infra*.[1] En consecuencia, suspendió la

---

[1] Apéndice del recurso, págs. 1-6.

licencia de perito electricista del recurrente. Asimismo, la Junta Examinadora realizó las siguientes determinaciones de hecho:

1. El 20 de marzo de 2024 el Colegio [de Peritos Electricistas] publicó en un periódico de circulación general un anuncio pagado en el cual listó todos los nombres de los electricistas que no han tomado las horas crédito de educación continua, según requerido por la Ley 115-1976.
2. El 19 de marzo de 2024, el Colegio le notificó al Sr. Edwin Valentín Vázquez mediante correo certificado que su caso fue referido a la Junta [Examinadora] para la suspensión de la licencia.
3. El 26 de marzo el Colegio le "Certificó" a la Junta, la lista de los peritos electricistas que al 31 de diciembre de 2023 no habían cumplido, por uno o más años consecutivos, con el requisito de tomar 8 horas de educación continua, según requerido por la Ley 115-1976.
4. De la notificación enviada a la Junta por parte del Colegio el 26 de marzo de 2024 se Certifica(*sic*) que el Sr. Edwin Valentín Vázquez se encuentra en incumplimiento con el Artículo 16[,] inciso (h).

Por su parte, el 17 de junio de 2024, el recurrente presentó una *Moción de Reconsideración* ante la Junta Examinadora.[2] A través de esta, planteó que la Junta Examinadora no tomó en cuenta, lo siguiente: que previo a la suspensión de licencia el Sr. Valentín Vázquez había aprobado once (11) horas contacto de educación continua, en dos(2) cursos avalados por el Colegio de Peritos Electricistas de Puerto Rico (Colegio) para las fechas del 11 de abril de 2024 y el 13 de abril de 2024; que el Colegio omitió informar a la Junta Examinadora los cursos aprobados por el recurrente, por lo que esta había incumplido con su obligación de certificar el cumplimiento retroactivo de las horas requeridas durante el año 2023; que se incumplió con los procedimientos establecidos en el Artículo 16, inciso (h) de la Ley Núm. 115 del 2 de junio de 1976, *infra*, de manera que la Junta Examinadora emitió una *Resolución* sin jurisdicción; que el 29 de mayo de 2024, el recurrente envió una carta a la Junta Examinadora en donde informó de su participación en los cursos antes señalados; que el 5 de junio de 2024, remitió otra comunicación al presidente de la Comisión de Educación Continua del Colegio para exigirle la notificación inmediata a la Junta Examinadora de **su cumplimiento retroactivo** con las horas de

---

[2] Apéndice del recurso, págs. 7-39.

educación continua para el año 2023; que el 25 de marzo de 2024, le solicitó a la Junta Examinadora, mediante carta, que le acreditara treinta (30) horas contacto de adiestramiento de OSHA celebrados los días 18 al 21 de marzo de 2024. Así pues, el recurrente solicitó que se revocara la *Resolución* emitida el 24 de mayo de 2024.

La Junta Examinadora no atendió la *Reconsideración*, por lo que el Sr. Valentín Vázquez oportunamente instó el recurso de epígrafe ante este Tribunal de Apelaciones, en el cual le señaló a la Junta Examinadora los siguientes errores:

> **Primer Error:** Erró la Junta Examinadora al adjudicar la suspensión sumaria de la licencia de perito electricista del recurrente sin poseer jurisdicción para atender el asunto debido al incumplimiento sustancial por parte del Colegio con el proceso consignado en el Artículo 16, inciso (h), de la Ley Núm. 115-1976, como condición indispensable previo al referido del caso a la agencia administrativa.

> **Segundo Error:** Erró la Junta Examinadora al suspender sumariamente la licencia de perito electricista del recurrente, sin brindarle la oportunidad de ser oído en algún momento del proceso y presentar prueba a su favor de cumplimiento con el requisito de educación continuada, en violación al debido proceso de ley consagrado en la Constitución [de] Puerto Rico y a la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017.

> **Tercer Error:** Erró la Junta Examinadora al aplicar el proceso de suspensión sumaria de licencia establecido en el Artículo 16, inciso (h), de la Ley Núm. 115-1976, disposición de ley inconstitucional que privó al recurrente de un derecho propietario en violación al debido proceso de ley.

El 16 de agosto de 2024, emitimos una *Resolución* en donde le concedimos a la Junta Examinadora hasta el 28 de agosto de 2024 para que presentara su alegato. Sin embargo, la Junta Examinadora nunca compareció ante este foro apelativo.

En mérito de lo anterior, procedemos a resolver

**II**

**A.**

La Ley Núm. 38 2017, conocida como la *Ley de Procedimiento Administrativo Uniforme* (LPAU), según enmendada, 3 LPRA 9601 *et seq.*, establece los estándares de revisión judicial de órdenes, resoluciones y

providencias dictadas por las agencias administrativas. En lo pertinente al caso que nos ocupa, la Sección 4.2 de la LPAU dispone lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. […]   3 LPRA sec. 9672.

En términos sustantivos y procesales, se ha resuelto que los procedimientos y las decisiones de las agencias administrativas están cobijados por una presunción de regularidad y corrección. *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 128-129 (2019). Es norma de derecho claramente establecida que los tribunales apelativos han de conceder gran consideración y deferencia a las decisiones administrativas en vista de la vasta experiencia y conocimiento especializado de la agencia. *Capó Cruz v. Jta. de Planificación et al.*, 204 DPR 581, 591 (2020). Por ello, la revisión judicial de las determinaciones administrativas se limita a examinar si la actuación de la agencia fue razonable, y sólo cede cuando la decisión no está basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley, o cuando su actuación es irrazonable o ilegal. *Id.* pág. 592.

Las decisiones administrativas deben ser respetadas "a menos que la parte recurrente establezca que hay evidencia en el expediente administrativo suficiente para demostrar que la agencia no actuó razonablemente." *Borschow Hosp. v. Jta. de Planificación*, 177 DPR 545, 566 (2009).

Al momento de revisar una decisión administrativa el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. *Rebollo v. Yiyi Motors*, 161 DPR 69, 77-78 (2004). Igualmente, el

foro judicial deberá analizar si conforme al expediente administrativo: 1) el remedio concedido fue razonable; 2) las determinaciones de hechos están razonablemente sostenidas por la prueba y; 3) las conclusiones de derecho del organismo administrativo son correctas. *P.R.T.Co. v. J. Reg. Tel. de P.R.*, 151 DPR 269, 281 (2000).

La Sección 4.5 de la LPAU, 3 LPRA sec. 9675, dispone que "[l]as determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo." El concepto de *evidencia sustancial* consiste en "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012).

La norma reiterada por el Tribunal Supremo es que las decisiones de las agencias administrativas merecen una amplia deferencia judicial por la "vasta experiencia y conocimiento especializado sobre los asuntos que por ley se les ha delegado" y "se deben respetar a menos que la parte recurrente establezca que hay evidencia suficiente en el expediente administrativo suficiente para demostrar que la agencia no actuó razonablemente." *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 186-187 (2009) y *Borschow Hosp. v. Jta. de Planificación*, *supra*, 566.

Corresponde al Tribunal de Apelaciones analizar la evidencia en su totalidad, tanto la que sostenga la decisión administrativa como la que menoscaba el peso que la agencia adjudicó. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 437 (1997). En el caso en que haya un conflicto razonable sobre la evidencia que consta en el expediente administrativo, debe respetarse la apreciación de la agencia. *Hilton Hotels v. Junta Salario Mínimo*, 74 DPR 670, 687 (1953).

Sin embargo, las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. Los tribunales, como conocedores del derecho, no tienen que dar deferencia a las interpretaciones de derecho que hacen las agencias administrativas. *Olmo Nolasco v. Del Valle*

*Torruella*, 175 DPR 464, 470 (2009). A pesar de ello, los tribunales no pueden descartar liberalmente las conclusiones e interpretaciones de la agencia. Pero, no cabe hablar de deferencia judicial cuando la interpretación de la agencia afecta derechos fundamentales, resulta irrazonable o conduce a la comisión de injusticias. *JP, Plaza Santa Isabel v. Cordero Badillo, supra*, pág. 187.

**B.**

La Ley Núm. 115 del 2 de junio de 1976 (Ley Núm. 115), según enmendada, conocida como *Ley de la Junta Examinadora de Peritos Electricistas*, creó la Junta Examinadora de Peritos Electricistas. 20 LPRA sec. 2701 *et seq*, la cual está adscrita al Departamento de Estado. Artículo 1 de la Ley Núm. 115, 20 LPRA sec. 2701; Ley 41-1991, según enmendada, conocida como *Ley para Regular la Relación entre el Depto. de Estado y las Juntas Examinadoras Adscritas*, 20 LPRA sec. 10 (Ley Núm. 41). El Artículo 5 de la Ley Núm. 115, 20 LPRA sec. 2705, establece las facultades de la Junta Examinadora, a saber:

> (a) Autorizará el ejercicio de la profesión de perito electricista, ayudante de perito electricista y aprendiz de perito electricista, mediante la concesión de licencia o certificado, según sea el caso, en formato de diploma o de carnet, según aplique, a aquellas personas que reúnan los requisitos y condiciones que se fijan en esta Ley.
> (b) Llevará un registro oficial de todos los certificados y las licencias expedidas.
> (c) Seleccionará un presidente, un vicepresidente y un secretario de actas, entre sus miembros.
> (d) Adoptará un reglamento para su funcionamiento.
> (e) Examinará a aquellas personas que soliciten licencia y cualifiquen para ello de acuerdo a lo dispuesto en esta ley.
> (f) Investigará las violaciones a esta ley a iniciativa propia o por querella formulada ante dicho organismo por persona perjudicada o por un perito electricista debidamente licenciado.
> **(g) Denegará, suspenderá o revocará licencias por las razones que se consignan en esta ley**.
> (h)Celebrará las reuniones y sesiones que sean necesarias para llevar a cabo sus funciones, previa convocatoria del Presidente o de cinco (5) de sus miembros.
> (i) Someterá al gobernador un informe anual de sus asuntos oficiales, en el cual se incluirá, entre otros aspectos, las licencias expedidas, denegadas y revocadas, los asuntos tratados y considerados durante el año a que corresponda dicho informe y las recomendaciones que estime que deben adoptarse para la más eficaz aplicación de esta Ley.

(j) Realizará cualquier gestión y tendrá cualquier otra facultad, además de las consignadas, que resulten necesarias para cumplir con las disposiciones de esta Ley.

(k) Podrá autorizar al Colegio de Peritos Electricistas de Puerto Rico, bajo las normas y reglas que la Junta especifique mediante reglamento, a implantar la organización de un sistema de inspectores para velar por el cumplimiento de las disposiciones de esta Ley.

(l) Expedirá certificaciones como proveedores de educación continua, a todos los que cumplan con el reglamento correspondiente, de la Junta (según el Reglamento 8476).

(m) Someterá al Colegio de Peritos Electricistas, una lista de las personas que aprueben los exámenes de reválida en un término de 90 días, contados desde que estén listos los resultados. (Énfasis nuestro.)

Por otro lado, el Artículo 16, 20 LPRA sec. 2715, del referido estatuto dispone sobre las situaciones por las cuales la Junta Examinadora podrá suspender, revocar o denegar las licencias de peritos electricistas. En lo pertinente al caso ante nuestra consideración, este articulado establece lo siguiente:

La Junta podrá denegar la concesión de una licencia y podrá, además, suspender o revocar la concesión de la licencia expedida de acuerdo con esta Ley, previa formulación de cargos, notificación y audiencia, a cualquier persona que:

[…]

**(h) No haya tomado los cursos de educación continua que ofrece el Colegio de Peritos Electricistas o las instituciones acreditadas por la Junta Examinadora de Peritos Electricistas.**

**Cuando la suspensión de la licencia proceda en virtud de los incisos (g) y (h) de esta Sección, no se requerirá la previa formulación de cargos y audiencia.** En tales casos, se seguirá el siguiente procedimiento:

A más tardar el 30 de abril de cada año, el Colegio de Peritos Electricistas de Puerto Rico referirá a la Junta Examinadora, una lista con los nombres de todas las personas que no hayan pagado la cuota de colegiación a esa fecha o no hayan cumplido el número de horas de educación continua requerido a esa fecha, para que inicie el correspondiente procedimiento de suspensión de licencia. **La certificación del Colegio constituirá suficiente evidencia para que la Junta tome acción sobre la suspensión de licencia, sesenta (60) días a partir de la notificación del procedimiento de suspensión si la persona querellada no acredita haber pagado la colegiación o haber tomado los cursos de educación continua. El Colegio publicará, en un periódico de circulación general diaria, los nombres de las personas que referirá a la Junta Examinadora. Transcurridos quince (15) días a partir de la publicación, le notificará a dichas personas por correo certificado que su caso ha sido referido a la Junta Examinadora para que**

**inicie el correspondiente procedimiento de suspensión de licencia.** La Junta Examinadora suministrará al Colegio los nombres de las personas que haya admitido o admita al ejercício de la profesión de perito electricista. Asimismo, el Colegio informará a la Junta Examinadora del deceso de cualquier perito electricista colegiado, en un término de no más de noventa (90) días, a partir de la notificación de su fallecimiento.

*Reinstalación*: Cualquier persona a quien se le haya suspendido la licencia por falta de pago de la cuota de colegiación o por no haber tomado los cursos de Educación Continua podrá solicitar por escrito a la Junta su reinstalación dentro de un año a partir de la cancelación de su licencia, y además, de acreditar el pago de la colegiación y/o de haber tomado los cursos de Educación Continua. Pagará los derechos que establezca el Departamento de Estado mediante reglamento en virtud de la Ley Núm. 41 de 5 de agosto de 1991. La Junta no podrá reinstalar la licencia a dicha persona por más de una ocasión. Después de transcurrido un año de la suspensión de la licencia no se podrá reinstalar la licencia y el interesado tendrá que solicitar una nueva licencia y someterse al examen de reválida.

El procedimiento de revisión judicial estará en armonía con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme*, Núm. 170 de 12 de agosto de 1988, según enmendada. *Id.*

Por otro lado, la Ley Núm. 41, *supra*, faculta al Secretario de Estado adoptar reglamentación que uniforme los procesos administrativos de administración de exámenes, otorgación de licencias y adjudicación de querellas de las Juntas Examinadoras adscritas al Departamento de Estado. Artículo 4 de la Ley Núm. 41, 20 LPRA sec. 13. Asimismo, "[d]icha reglamentación uniforme tendrá vigencia en todas las Juntas salvo en aquellas que, con posterioridad a la aprobación del reglamento uniforme, adopten un reglamento sobre la misma materia o indiquen su exclusión del mismo por tener vigente un reglamento similar…". *Id.*

Asimismo, el Reglamento Núm. 8644 del Departamento de Estado contiene reglamentación uniforme sobre educación continua para las Juntas Examinadoras adscritas a dicha agencia. *Reglamento Uniforme de las Juntas Examinadoras Adscritas al Departamento de Estado del Estado Libre Asociado de Puerto Rico (RUJEDEPR),* Reglamento Núm. 8644, Departamento de Estado, 14 de septiembre de 2015. En lo pertinente, el referido reglamento dispone que:

Artículo 5.20--Aviso de Incumplimiento

La Junta podrá notificar un Aviso de Incumplimiento a todo técnico o profesional que no haya cumplido con el mínimo de horas crédito requerido.

Artículo 5.21--Cumplimiento Tardío

1. Todo técnico o profesional que incumpla con los requisitos mínimos de horas crédito que dispongan las leyes y reglamentos de su Junta podrá presentar una Solicitud de Cumplimiento Tardío con evidencia de que cumplió con los créditos que le faltaban para completar el requisito mínimo de horas crédito dentro de los treinta (30) días siguientes a la fecha límite en que debía haber cumplido. Junto con la evidencia de cumplimiento, el técnico o profesional deberá someter por escrito las razones que justificaron su tardanza. La Junta correspondiente evaluará la solicitud y tomará una determinación. Cada Junta tendrá la discreción de imponer las penalidades y/o multas que procedan, a tenor con las leyes y reglamentos que apliquen.

2. Lo dispuesto en este artículo no aplicará cuando sea contrario a lo que disponga alguna entidad reguladora o consejo de los Estados Unidos con inherencia sobre la Junta en cuestión, a su Ley Orgánica o alguna Ley Especial.

Artículo 5.22--Incumplimiento; Citación

1. Transcurrido el término para presentar una solicitud de cumplimiento tardío, la Junta podrá citar por escrito al profesional o técnico a una vista informal.
2. La citación a la vista incluirá: el propósito de la vista, la fecha y lugar de la misma, el período incumplido, las consecuencias de no asistir y referencia a las disposiciones de Ley aplicables.
3. No obstante, lo anterior, a aquellos técnicos o profesionales exentos a tenor con el Artículo 5.19(C) de este Reglamento, no se le podrá imponer penalidad alguna por presentar tardíamente su solicitud de cumplimiento tardío o cualquier otra documentación necesaria ante la Junta Examinadora, siempre que presente la razón eximente ante la Junta Examinadora correspondiente no más tarde de sesenta (60) días después del vencimiento de su orden militar.

Artículo 5.23--Vista Informal ante cada Junta

1. El técnico o profesional citado a una vista informal por incumplimiento a los requisitos de educación continua expondrá las razones que justifiquen su incumplimiento y presentará la prueba a su favor que tenga disponible.
2. Cada Junta evaluará las razones expuestas y resolverá lo que proceda conforme a la legislación y/o reglamentación aplicable.
3. En caso de incomparecencia, la Junta tomará la determinación administrativa que proceda de conformidad con su ley habilitadora, su Reglamento o, de no existir una

disposición relacionada vigente, podrá imponer una multa no mayor de $500 o la suspensión de la licencia o ambas a discreción de cada Junta.

4. La determinación de la Junta será notificada oportunamente al técnico o profesional del concernido.

[…]

Artículo 5.33--Aprobación del Reglamento específico de cada junta

1. Cada Junta deberá utilizar el presente reglamento como guía al preparar o enmendar sus propios reglamentos. Este Capítulo del Reglamento pretende brindar los requisitos básicos para la elaboración de reglamentos específicos que afecten a cada una de las Juntas, lo que no impide que las Juntas impongan requisitos distintos a los establecidos en este Reglamento, siempre que no sean inconsistentes con la Ley Núm. 41-1991, según enmendada, 20 LPRA sec. 10, et seq, la Ley Núm, 170-1988, según enmendada, o su ley habilitadora. Si previo a la aprobación de este Reglamento alguna Junta hubiera aprobado un Reglamento Específico cuyo contenido la Junta determine está acorde con el presente Reglamento, entonces no será necesario que la Junta enmiende su Reglamento o adopte uno nuevo.

Por su parte, previo a la aprobación del *Reglamento Uniforme de las Juntas Examinadoras Adscritas al Departamento de Estado del Estado Libre Asociado de Puerto Rico, supra*, la Junta Examinadora de peritos electricistas había aprobado el Reglamento 8476 que regulaba lo concerniente a la educación continua de estos profesionales. El Reglamento Núm. 8476 de la Junta Examinadora de peritos electricistas, establece el deber de los peritos electricistas de cumplir con los requisitos mínimos de horas créditos de educación continua dispuestas en las leyes y reglamentos de la Junta Examinadora. Artículo 23 del Reglamento de *Educación Continua de la Junta Examinadora de Peritos Electricistas Adscritas al Departamento de Estado*, Reglamento Núm. 8476, Junta Examinadora, 23 de mayo de 2014. En los pertinente al caso ante nuestra consideración, el referido precepto establece lo siguiente:

Artículo 24. Aviso de Incumplimiento

La Junta deberá notificar un Aviso de Incumplimiento a todo técnico o profesional que no haya cumplido con el mínimo de horas crédito requerido.

Artículo 25. Cumplimiento Tardío

(A) Todo técnico o profesional que incumpla con los requisitos mínimos de horas crédito que dispongan las leyes y reglamentos de su Junta podrá presentar una Solicitud de Cumplimiento Tardío con evidencia de que cumplió con los créditos que le faltaban para completar el requisito mínimo de horas crédito dentro de los treinta (30) días siguientes a la fecha límite en que debía haber cumplido. Junto con la evidencia de cumplimiento, el técnico o profesional deberá someter por escrito las razones que justificaron su tardanza. La Junta evaluará la solicitud y tomará una determinación. La Junta tendrá la discreción de imponer las penalidades que procedan, a tenor con las leyes y reglamentos que apliquen.

(B) Lo dispuesto en este artículo no aplicará cuando sea contrario a lo que disponga alguna entidad reguladora federal o consejo nacional con inherencia sobre la Junta en cuestión, a su Ley Orgánica o alguna Ley Especial.

Artículo 26. Incumplimiento; Citación

(A) Transcurrido el término para presentar una Solicitud de Cumplimiento Tardío, la Junta deberá citar por escrito al profesional o técnico a una vista informal.

(B) La citación a la vista incluirá: el propósito de la vista, la fecha y lugar de la misma, el periodo incumplido, las consecuencias de no asistir y referencia a las disposiciones de Ley aplicables.

(C) No obstante, lo anterior, a aquellos técnicos o profesionales exentos a tenor con el Artículo 25 (C) de este Reglamento, no se le podrá imponer penalidad alguna por presentar tardíamente su Solicitud de Cumplimiento Tardío o cualquier otra documentación necesaria ante la Junta Examinadora, siempre que presente la razón existente ante la Junta Examinadora, no más tarde de sesenta (60) días después del vencimiento de su orden militar.

Artículo 27. Vista informal ante la Junta

(A) El técnico o profesional citado a una vista informal por incumplimiento a los requisitos de educación continua expondrá las razones que justifiquen su incumplimiento y presentará la prueba a su favor que tenga disponible.

(B) La Junta evaluará las razones expuestas y resolverá lo que proceda conforme a la legislación y/o reglamentación aplicable.

(C) En caso de incomparecencia, la Junta tomará la determinación administrativa que proceda de conformidad con su Ley Orgánica, su Reglamento o, de

     no existir una disposición relacionada vigente, la suspensión de la licencia a discreción de la Junta.

(D) La determinación de la Junta será notificada oportunamente al técnico o profesional del concernido.

Por otro lado, cabe señalar que las fuentes de derecho poseen jerarquía en nuestro ordenamiento jurídico**.** *Merle Feliciano v. Dávila Rivera*, 204 DPR 264, 273 (2020). Ante esto, cuando una ley y un reglamento están en conflicto, la ley se antepone ante el reglamento. *Id.* Esto debido a que los tribunales venimos obligados a respetar la voluntad del legislador. *Id.*

**C.**

El Art. II, Sec. 7 de la Constitución del Estado Libre Asociado de Puerto Rico, 1 LPRA sec. 7, al igual que las Enmiendas V y XIV de la Constitución de Estados Unidos de América, garantiza que ninguna persona sea privada de su libertad o propiedad sin el debido proceso de ley. *Hernández v. Secretario*, 164 DPR 390, 394 (2005).

El debido proceso de ley se manifiesta en dos vertientes: la sustantiva y la procesal. En su vertiente sustantiva, los tribunales examinan la validez de una ley al amparo de los preceptos constitucionales pertinentes, con el propósito de proteger los derechos fundamentales de las personas. Bajo esta instancia, el Estado, está impedido de aprobar leyes o realizar alguna actuación que afecte de manera irrazonable, arbitraria o caprichosa los intereses de propiedad o la libertad de los individuos. *Pueblo v. Montero Luciano*, 169 DPR 360, 371 (2006); *Hernández v. Secretario*, *supra*, págs. 394-395.

En su vertiente procesal, la cláusula del debido proceso instituye las garantías procesales mínimas que el Estado debe proveerle a un individuo al afectarle su libertad o propiedad. Su aplicabilidad requiere que exista un interés de propiedad o de libertad que pueda verse afectado. Identificado dicho interés, procede determinar cuál es el procedimiento exigido; procedimiento que debe caracterizarse por ser justo e imparcial. *Hernández v. Secretario*, *supra*, pág. 395.

Con la aprobación de la LPAU, *supra*, la Asamblea Legislativa extendió a los procedimientos adjudicativos de las agencias administrativas ciertas garantías mínimas inherentes al debido proceso de ley. Ello, en vista de que, en su función adjudicativa, las agencias administrativas intervienen con intereses libertarios y propietarios del ciudadano. Específicamente la sección 3.1 de la LPAU enumera las garantías procesales que deben ser salvaguardadas en todo procedimiento adjudicativo celebrado por una agencia, a saber: el derecho a una notificación oportuna de los cargos en contra de una parte, a presentar evidencia, a una adjudicación imparcial y a que la decisión sea basada en el expediente. 3 LPRA sec. 9641; *Álamo Romero v. Adm. de Corrección*, 175 DPR 314, 329 (2009). En los procedimientos administrativos, el debido proceso de ley es de carácter flexible. Lo importante es que el procedimiento celebrado sea justo y equitativo. *Hernández, Romero v. Pol. de P.R.*, 177 DPR 121, 140-141 (2009).

Ahora bien, el debido proceso de ley no requiere la celebración de previa audiencia a toda privación de un derecho o interés propietario. *Vélez Ramírez v. Romero Barceló*, 112 DPR 716, 730 (1982). Basta con que, en algún momento significativo, la parte afectada por la determinación de la agencia tenga la oportunidad de defenderse y presentar su caso en un proceso con las garantías que entraña el debido proceso de ley. *Id.*

**III**

En su recurso apelativo, el Sr. Valentín Vázquez nos presentó tres (3) señalamientos de error por parte del foro primario. En esencia, señala en su primer error que la Junta Examinadora incidió al adjudicar la suspensión sumaria de su licencia de perito electricista sin poseer jurisdicción para atender el asunto debido al incumplimiento del Colegio con el proceso consignado en el Artículo 16, inciso (h), de la Ley Núm. 115, *supra*. En su segundo señalamiento de error, planteó que incidió la Junta Examinadora al suspender sumariamente su licencia de perito electricista,

sin brindarle la oportunidad de ser oído en algún momento del proceso y presentar prueba a su favor, en violación al debido proceso de ley. Por último, señaló que la Junta Examinadora erró al aplicar el proceso sumario del Artículo 16, inciso (h) el cual es inconstitucional por violar el debido proceso de ley del recurrente. Por estar íntimamente relacionados, discutiremos los errores en conjunto.

La Junta Examinadora está facultada por ley para suspender, revocar o denegar las licencias de los peritos electricistas que hayan incumplido con las horas de los cursos de educación continua que ofrece el Colegio de Peritos Electricistas o las instituciones acreditadas por la Junta Examinadora. Ley Núm. 115, *supra*. Asimismo, la Ley Núm. 115, *supra*, dispone que cuando la causa de suspensión de la licencia se deba a la falta de cumplimiento con las horas de educación continua, no se requerirá formulación de cargos y audiencia previa. *Id.* Además, dicho estatuto establece un mecanismo sumario para la suspensión de la licencia cuando se trata del incumplimiento de educación continua, como sigue:

> A más tardar el 30 de abril de cada año, el Colegio de Peritos Electricistas de Puerto Rico referirá a la Junta Examinadora, una lista con los nombres de todas las personas que no hayan pagado la cuota de colegiación a esa fecha o no hayan cumplido el número de horas de educación continua requerido a esa fecha, para que inicie el correspondiente procedimiento de suspensión de licencia. **La certificación del Colegio constituirá suficiente evidencia para que la Junta tome acción sobre la suspensión de licencia, sesenta (60) días a partir de la notificación del procedimiento de suspensión si la persona querellada no acredita haber pagado la colegiación o haber tomado los cursos de educación continua. El Colegio publicará, en un periódico de circulación general diaria, los nombres de las personas que referirá a la Junta Examinadora**. **Transcurridos quince (15) días a partir de la publicación, le notificará a dichas personas por correo certificado que su caso ha sido referido a la Junta Examinadora para que inicie el correspondiente procedimiento de suspensión de licencia**. *Id.* (Énfasis nuestro.)

Surge de las determinaciones de hechos de la Junta Examinadora que el 20 de marzo de 2024 el Colegio publicó en un periódico de circulación general un anuncio en el cual listó todos los nombres de los electricistas que no habían tomado las horas crédito de educación continua;

que el 19 de marzo de 2024, el Colegio le notificó al Sr. Valentín Vázquez mediante correo certificado que su caso fue referido a la Junta Examinadora para la suspensión de la licencia; y que el 26 de marzo el Colegio le "Certificó" a la Junta Examinadora, la lista de los peritos electricistas que al 31 de diciembre de 2023 no habían cumplido, por uno o más años consecutivos, con el requisito de las horas de educación continua.

Ciertamente, en este caso se incumplió con el proceso establecido en la Ley Núm. 115, *supra*, puesto que el Colegio le notificó primero al Sr. Valentín Vázquez por correo certificado que su caso había sido referido a la Junta Examinadora, y posteriormente el Colegio publicó en un periódico de circulación general un anuncio en el cual listó los nombres de los peritos electricistas que no habían cumplido con las horas crédito de educación continua. Sin embargo, la ley dispone que primero se publique en el periódico los nombres y luego de transcurridos quince (15) días a partir de la publicación, se le notique a los que están en incumplimiento.

Ahora bien, a pesar de que el Colegio certificó, sin haber transcurrido el término de quince (15) días dispuesto por ley, a la Junta Examinadora la lista de los peritos que estaban en incumplimiento, el Sr. Valentín Vázquez no controvirtió las determinaciones de hecho 3 y 4. Es decir, que el 26 de marzo el Colegio le "Certificó" a la Junta Examinadora que el Sr. Valentín Vázquez no había cumplido al 31 de diciembre de 2023 con las horas de educación continua. Por tanto, conforme a la Ley Núm. 115, *supra*, el Sr. Valentín Vázquez tenía sesenta (60) días a partir de la notificación del procedimiento de suspensión para acreditar haber tomado los cursos de educación continua.

Se desprende del expediente ante nuestra consideración que el Sr. Valentín Vázquez intentó acreditar las horas de educación continua fuera de este término de sesenta (60) días.[3] Además, las horas de educación

---

[3] Apéndice del recurso, págs. 24 y 31.

continua que intentó acreditar el Sr. Valentín Vázquez eran sobre cursos tomados para las fechas del 11 y 13 de abril de 2024[4] y del 18 al 21 de marzo de 2024.[5] Esto es, cursos que **se tomaron fuera del término del 31 de diciembre de 2023**. Igualmente, a pesar de que el Sr. Valentín Vázquez señala que estas horas de educación continua debían ser acreditadas retroactivamente, no cita disposición alguna que así lo requiera. Así pues, del expediente se desprende la falta de diligenciar por parte del Sr. Valentín Vázquez para cumplir con las horas de educación continua y acreditar las mismas.

Por otro lado, no nos convence la contención del Sr. Valentín Vázquez a los efectos de que el Artículo 16, inciso (h) de la Ley Núm. 115, *supra*, viola el debido proceso de ley puesto que no brinda la oportunidad de presentar prueba en algún momento durante el proceso, por tratarse de un proceso sumario.

El debido proceso de ley no requiere la celebración de previa audiencia a toda privación de un derecho o interés propietario. *Vélez Ramírez v. Romero Barceló*, *supra*. Basta con que, en algún momento significativo, la parte afectada por la determinación de la agencia tenga la oportunidad de defenderse y presentar su caso en un proceso con las garantías que entraña el debido proceso de ley. *Id.*

De lo antes detallado, no está en controversia que el Sr. Valentín Vázquez fue notificado por el Colegio, previo a la suspensión de su licencia, por el incumplimiento con los requisitos de educación continua.[6] Advertimos, inclusive, que se le exhortó a comunicarse con el Colegio con relación al **proceso de rehabilitación conforme establece la Ley Núm. 115**, *supra*. En dicha notificación, el Colegio indicó: "**Lo exhorto a visitar el Colegio para evaluar su situación y asistirlo en el procedimiento de rehabilitación, de modo que su licencia no sea**

---

[4] Apéndice del recurso, págs.15-18
[5] Apéndice del recurso, págs. 36.
[6] Apéndice del recurso, pág. 22.

**suspendida/revocada**."[7] Además, no podemos pasar por alto que el Artículo 16 (h) de la Ley Núm. 115, *supra*, les permite a los peritos acreditar las horas de educación continua en un término de sesenta (60) días tras la notificación del incumplimiento con las mismas. No obstante, **el Sr. Valentín Vázquez incumplió con dicho término** y **tampoco se deprende del expediente que haya visitado el Colegio para el proceso de rehabilitación**. Asimismo, conforme establece la Ley Núm. 115, *supra*, el Sr. Valentín Vázquez podrá solicitar por escrito a la Junta Examinadora su reinstalación dentro de un año a partir de la cancelación de su licencia. Lo aquí resuelto es cónsono con la deferencia que merecen las agencias administrativas al momento de resolver los casos que tienen ante su consideración.

Por todo lo anterior, resolvemos que la agencia actuó de forma razonable, por lo que procede confirmar la decisión recurrida. El Sr. Valentín Vázquez no nos ha puesto en posición de resolver lo contrario.

**IV**

Por los fundamentos que anteceden, confirmamos la *Resolución* recurrida.

**Notifíquese.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] *Id.*